# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.  Case Number: 3:22-cr-6-TKW

CARLOS ALBERTO CHE-AKE

## ORDER OF DETENTION

The Defendant appeared before this Court for a detention hearing on Monday, July 17, 2023, pending a hearing to revoke Defendant's supervised release. The Government moved for detention pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), which incorporates 18 U.S.C. § 3143(a)(1). Section 3143(a)(1) provides that the Defendant shall be detained unless the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released under 3142(b) or (c)." Additionally, Rule 32.1(a)(6) makes clear that "the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the [Defendant]."

After considering the evidence proffered by the Defendant, and the evidence proffered by the Government, the Court finds Defendant is subject to supervised release pursuant to a Judgment in a Criminal Case and Defendant has not established by clear and convincing evidence that he is not a danger to the community or a risk of flight for the reasons stated on the record, including the following:

On April 15, 2022, this Court sentenced Defendant to 12 months' incarceration followed by one year of supervised release for illegal reentry into the United States. Defendant began his term of supervised release on December 28, 2022. A special condition of Defendant's supervised release is that if he is deported, he must not reenter the United States without permission of the Attorney General of the United States or the Secretary of the Department of Homeland Security. Also, if Defendant reenters the United States during his period of supervised release, Defendant shall immediately report to the U.S. Probation Office. There is probable

cause, however, to believe that Defendant was deported, returned to the United States without the requisite permission, and failed to report to USPO upon his return to the United States.[1]

Defendant proffered that he returned to the United States to retrieve his 2-year old daughter after being advised by the child's mother (now deceased) that she had cancer. He suggested that any concern about his risk of flight or danger could be addressed with conditions, including a GPS. The Court cannot agree; this is a clear case for detention.

According to an Affidavit and Petition for Placement in Emergency Shelter (Gov't Exh. 1), filed by the Florida Department of Children and Families ("DCF"), Defendant has abused, neglected, or abandoned the minor child and the child is in imminent danger of injury by the Defendant. Specifically, the Affidavit and Petition alleges that on June 11, 2023, DCF received a report that the minor child was being exposed to abuse and parental substance abuse. It was reported to DCF that Defendant was in the country illegally and plans to flee to Mexico with the child.

Additionally, just prior to that report, the mother was killed after exiting a vehicle which was occupied by Defendant and the minor child. The two were having an argument. While the vehicle was parked, the mother walked into oncoming traffic. Defendant was so intoxicated at the time that law enforcement was unable to interview him. The mother's death is currently being investigated as a potential traffic homicide and it is unclear whether Defendant's intoxication had anything to do with the mother's death. (Gov't Exh. 2).

Although law enforcement allowed the child to leave with the Defendant following the accident, subsequently out of concerns the Defendant would flee with the child, the child's older step-siblings went on a search for Defendant and the child. The child's step-brother found Defendant at a motel with the child. Defendant was drinking alcohol. The Affidavit and Petition also contains allegations from family friends and family members regarding prior abuse of the mother by the Defendant.

In addition to the incidents of alcohol abuse noted in the Affidavit and Petition, Defendant has also been convicted of at least 3 prior DUIs. *See* PSR §s 31, 33, 34. For the first DUI in 2019, Defendant had a BRAC of .233 and 28 open beers were found inside the vehicle. Despite being deported in 2019, and again in April

---

[1] At the hearing, Defendant waived his right to a probable cause determination on the alleged violation.

2020, Defendant returned sometime thereafter in 2020, and got a second DUI charge and conviction. The circumstances of that DUI charge include Defendant hitting a cable pole with the vehicle and knocking over a fence. When officers arrived, Defendant was sleeping in the vehicle, with the keys under him. He admitted he had been drinking alcohol. Defendant was once again deported and returned sometime later, and obtained a third DUI in October 2021. This arrest arose out of a domestic violence 911 call that involved the now deceased mother of the minor child. The report of abuse was that Defendant struck the victim in the face with a chef's knife.

It is clear Defendant has a severe alcohol problem and a history of violence. There is a question regarding whether Defendant is here legally and every time he has been deported he has returned to the United States only to commit more crimes. There are absolutely no conditions this Court could impose given this Defendant's history that would reasonably ensure the Court that he will not pose a danger to the community or be a flight risk. There is no question in this Judge's mind that Defendant should be detained.

The Defendant is therefore DETAINED pending a final adjudication on the petition to revoke supervised release.

Pursuant to 18 U.S.C. § 3142(h)(i), the Court directs that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; directs that the Defendant be afforded a reasonable opportunity for private consultation with counsel; and, on order of a court of the United States or on a request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

The Defendant is remanded into the custody of the United States Marshal.

Entered on July 17, 2023.

s/ *Hope Thai Cannon*
HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE

3:22-cr-6-TKW